UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMY VICTORIA RAMIREZ RODRIGUEZ,

                Plaintiff,

-against-

DANIEL GIKHER; PWG INSURANCE AGENCY; STEVEN SHAKHNEVICH,

                Defendants.

19-CV-4410 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

      Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117; the ADA's retaliation provision, 42 U.S.C. § 12203(a), and 42 U.S.C. § 1981, alleging that her employer discriminated and retaliated against her based on her disability. Because Plaintiff names individual defendants, the Court construes the complaint as also asserting claims under the New York State Human Rights Law (NYSHRL). By order dated May 29, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this barebones employment discrimination complaint, asserting that Defendants discriminated against her during her employment at PWG Insurance Agency (PWG) in New York City and Palm Beach, Florida, between August 2018, and January 2019.[1] Plaintiff alleges that she "is of protected status," that she "held contractual agreement with Defendant," that she "requested reasonable accommodation," was "harassed by Defendant," and terminated "due to Defendant's failure to accommodate her disabilities." (ECF No. 2 at 5.) Plaintiff also names as Defendants Daniel Gikher and Steven Shakhnevich, but she does not state any facts suggesting their personal involvement. Attached to the complaint is a notice of right to sue from the Equal Employment Opportunity Commission that is dated February 19, 2019, showing that Plaintiff timely filed this action here (*Id.* at 8.)

In the relief section of the complaint, in addition to seeking money damages, Plaintiff seeks injunctive relief; specifically, she seeks an order directing Defendants to "design or purchase then incept [sic] an annual ADA-Awareness training program for all employees and an

---

[1] On February 8, 2019, Plaintiff filed an employment discrimination against Morgan Stanley, Morgan Stanley Wealth Management, and individual employees, alleging that from March 2015 to October 2016, they discriminated against her based on her disabilities (morbid obesity, attention deficit disorder, and major depression), in violation of the ADA and § 1981. *See Rodriguez v. Gorman*, No. 19-CV-1270 (CM) (S.D.N.Y. Mar. 21, 2019). On March 21, 2019, the Court transferred the action to the District of New Jersey. *See Rodriguez v. Gorman*, No. 19-CV-9104 (CCC) (JBC) (case opened in District of New Jersey on Mar. 29, 2019). On May 13, 2019, the defendants in that action moved to dismiss Plaintiff's amended complaint. *Id.* (ECF No. 12.) On the same day that Plaintiff filed this complaint, she filed two other very similar complaints against different employers. *See Rodriguez v. Morales*, No. 19-CV-4409 (S.D.N.Y. filed May 14, 2019); *Rodriguez v. Koroghlian*, No. 19-CV-4411 (S.D.N.Y. filed May 14, 2019).

ADA-Management training program for employees who supervise others . . . [with] Plaintiff to be featured in both programs." (*Id.* at 6.)

## DISCUSSION

A. **Plaintiff fails to state any facts supporting her ADA claim against PWG**

"The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). A plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*

Plaintiff fails to state a claim that PWG discriminated against her based on her disability because she does not state any facts describing the nature of her disability, what occurred during her employment at PWG, what type of accommodation she requested, the reasons given, if any, for her termination, or why she believes the termination was based on her disabilities.

The Court grants Plaintiff leave to amend her complaint to assert any facts suggesting that PWG violated the ADA.

**B.     Plaintiff fails to state a claim under the ADA against any of the individual defendants**

Plaintiff sues individual defendants. But under the federal employment anti-discrimination statutes, individuals may not be held liable. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (holding that "an employer's agent may not be held individually liable under Title VII"); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (holding that the ADA's retaliation provision "cannot provide for individual liability"); *see, e.g.*, *Burris v. Hous. & Servs. Inc.*, No. 17-CV-9289 (JGK), 2019 WL 1244494, at *5 (S.D.N.Y. Mar. 18, 2019) (noting that "individuals cannot be held liable under the ADA"); *Garvey v. Town of Clarkstown, New York*, No. 13-CV-8305 (KBF), 2018 WL 1026379, at *8 (S.D.N.Y. Feb. 22, 2018) (holding that "[t]he ADA applies to employers; it does not confer individual liability") (citing *Spiegel*, 604 at 79 (2d Cir. 2010)), *aff'd sub nom. Garvey v. Sullivan*, No. 18-656, 2019 WL 2142530 (2d Cir. May 15, 2019).

But Plaintiff may be able to assert claims under the NYSHRL against the individual defendants. *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) ("The NYSHRL [does] provide[] for individual liability under an aiding-and-abetting theory.") (citing *Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2004)).

Plaintiff does not state how the individual defendants discriminated or retaliated against her. The Court therefore grants Plaintiff leave to state any facts showing that the individual defendants participated in any unlawful discriminatory conduct.

**C.     Plaintiff does not state a claim under 42 U.S.C. § 1981**

To state a claim under § 1981, a plaintiff must allege that she "is a member of a racial minority," that the defendant discriminated against her because of her race, and the discrimination concerned one or more of the activities enumerated in the statute, such as making and enforcing a contract. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

Plaintiff asserts that Defendants discriminated against her because of her disability. As § 1981 does not protect against this type of discrimination, the statute does not apply to the facts of this case. The Court therefore dismisses Plaintiff's § 1981 claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEAVE TO AMEND**

Plaintiff is granted leave to amend her complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

5

  e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

  f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4410 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 11, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

           -against-

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

_____

_____

_____

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

\_\_\_ **Civ.** _____ ( \_\_\_ )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

    _____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

    _____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

    _____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant   Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

C. The address at which I sought employment or was employed by the defendant(s) is:

              Employer _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    _____         Failure to hire me.

    _____         Termination of my employment.

    _____         Failure to promote me.

    _____         Failure to accommodate my disability.

    _____         Unequal terms and conditions of my employment.

    _____         Retaliation.

    _____     Other acts *(specify)*: _____.

    *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.     It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                                                    *Date(s)*

C.     I believe that defendant(s) *(check one)*:

    _____     is still committing these acts against me.

    _____     is not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☐   race  _____     ☐   color  _____

    ☐   gender/sex  _____     ☐   religion_____

    ☐   national origin _____

    ☐   age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐   disability or perceived disability, _____ *(specify)*

E.     The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

    *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**     **Exhaustion of Federal Administrative Remedies**:

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.     The Equal Employment Opportunity Commission *(check one)*:

    _____    has not issued a Notice of Right to Sue letter.

    _____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

    ***Note:*** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

## IV.    Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_.

                              Signature of Plaintiff    _____

                              Address    _____

                                            _____

                                            _____

                                            _____

                              Telephone Number    _____

                              Fax Number *(if you have one)*  _____